**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ANA MEDINA-CABALLERO** | **CIVIL ACTION NO. 3:26-CV-01552 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ELEAZAR GARCIA ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

**REPORT AND RECOMMENDATION**

Before the Court is the Government's MOTION TO DISMISS PROCEEDINGS FOR LACK OF JURISDICTION [Doc. 4][1] a Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241 [Doc. 1] by Petitioner Ana Meina-Caballero ("Medina-Caballero"). At the time of filing the Petition, Medina-Caballero was a detainee in the custody of U.S. Immigration and Custom Enforcement ("ICE") at Richwood Correctional Center in Monroe, Louisiana. [Doc. 1].

Because Medina-Caballero has been released, the Motion to Dismiss should be GRANTED and the Petition DISMISSED WITHOUT PREJUDICE.

## I. Background

Medina-Caballero is a native and citizen of Honduras who entered the United States in June of 2016. [Doc. 1, at ¶ 12]. She was ordered removed on April 15, 2024, and the case appeal was dismissed on May 6, 2026.[2] According to the Declaration of Charles Ward, Assistant Field Officer of the United States Immigration and Customs Enforcement:

> On or about May 18, 2026, the Petitioner removed by an ICE charter flight from AEX with thefinal destination of Ramon Villeda Morales International Airport (MHLM).

[Doc. 4-1, at ¶ 4]

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] https://acis.eoir.justice.gov/en/caseInformation

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Medina-Caballero has received the relief requested. Because she is not in custody, the § 2241 Petition is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

## III. Conclusion

Because Medina-Caballero has been released, IT IS RECOMMENDED that the MOTION TO DISMISS [Doc. 4] be GRANTED and that the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also

respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Lafayette, Louisiana, this 29th day of July, 2026.

David J. Ayo
United States Magistrate Judge